IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE JONES, #06109-025 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01470-JPG |
| | ) |
| WILLIAM D. STIEHL, | ) |
| DEIRDRE A. DURBOROW, | ) |
| KIT R. MORRISSEY, | ) |
| RANDY G. MASSEY, | ) |
| GERALD B. COHN, | ) |
| DAVEANNA RAMSEY, | ) |
| JOSHUA KNAPP, | ) |
| DANIEL OWENS, | ) |
| CLERK OF THE COURT, | ) |
| MARTHA DOE, | ) |
| and MIRIAM F. MIQUELON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Steve Jones, an inmate who is currently incarcerated at Allenwood Federal Correctional Institution located in White Deer, Pennsylvania, brings this action pursuant to 42 U.S.C. § 1983 in order to challenge his conviction and sentence in *United States v. Poenitske*, No. 02-cr-30145-MJR-2 (S.D. Ill. 2002). (Doc. 1). He seeks immediate release from prison and monetary damages for his wrongful incarceration. (Doc. 1, p. 3).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief

1

must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff challenges his conviction and sentence in *United States v. Poenitske*, No. 02-cr-30145-MJR-2 (S.D. Ill. 2002). (Doc. 1, pp. 1-2). According to the Complaint, he was prosecuted pursuant to a superseding indictment that was not presented to a grand jury. (Doc. 1, p. 2). Plaintiff contends that the resulting conviction and sentence were entered in violation of his rights under the Fifth and Sixth Amendments and the United Nations Declaration of Human Rights. (Doc. 1, pp. 1-2). He brings claims against the defendants for false imprisonment, negligence, "abuse of due process," intentional infliction of emotional distress, mental torture, and involuntary servitude. (Doc. 1, pp. 2-3). Plaintiff seeks immediate release from prison and "One Million U.S. dollars per day." (Doc. 1, p. 3).

## Discussion

Plaintiff cannot use 42 U.S.C. § 1983 to attack his conviction or sentence. Habeas corpus is the sole federal remedy for an inmate who wishes to challenge the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Even where the inmate seeks monetary relief, as here, habeas is the only remedy when a decision in the inmate's favor would call his continued confinement into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court ruled that in order to recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the prisoner must show that the sentence has been previously invalidated, *i.e.,* "reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

This § 1983 proceeding is incompatible with *Heck*. Plaintiff's claims hinge on a determination that his conviction and sentence are invalid. By all indications, both his conviction and sentence still stand. Plaintiff cannot proceed with a § 1983 claim for money damages against the defendants unless and until they are overturned. Moreover, his claims are utterly devoid of factual or legal support, consisting of little more than a string of state and federal legal claims. The Complaint and this action shall be dismissed as *Heck*-barred and for failure to state a claim upon which relief may be granted.

This dismissal does not foreclose all avenues of relief. A federal inmate may challenge his conviction or sentence in a direct appeal or a collateral attack brought under 28 U.S.C. § 2255. Section 2255 is the "exclusive remedy" to challenge a federal conviction, unless that remedy is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). If § 2255 proves to be inadequate or ineffective, Plaintiff may be able to pursue federal habeas relief under 28 U.S.C. § 2241 by filing a petition in the federal juridical district where he is incarcerated. *See Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007); *Moore v. Olso,* 368 F.3d 757, 758 (7th Cir. 2004). If he succeeds in invalidating his sentence or overturning his conviction, Plaintiff may then pursue a claim for money damages under § 1983. With that said, the Court cannot convert any portion of this action into a claim for habeas corpus relief. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996). To the extent he seeks such relief, Plaintiff must bring a separate habeas action.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) shall be addressed in a separate court order.

Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** without prejudice as being *Heck*-barred and for failure to state a claim upon which relief may be granted. This dismissal does not preclude Plaintiff from bringing any state or federal claim in a newly-filed action.

Plaintiff is **ADVISED** that the dismissal counts as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724,

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 17, 2018**

**s/J. Phil Gilbert**
**District Judge**
**United States District Court**